NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
Roger E. Borg, Bar No. 117765
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469
sferrell@trialnewport.com
rborg@trialnewport.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Ex. Rel., ZACHARY HALLSTROM, <br><br> Plaintiff, <br><br> vs. <br><br> OREXIS, LLC; a limited liability company; LONGEVITY LLC, a limited liability company; URBAN NUTRITION, LLC, a limited liability company; ATLANTIC COAST MEDIA GROUP, LLC, a limited liability company; ANDREW SURWILO, an individual; and DOES 1-10, Inclusive, <br><br> Defendants. | Case No. SACV10-1925 JST (MLGx) <br><br> **COMPLAINT FOR FALSE PATENT MARKING** <br><br> **JURY TRIAL DEMANDED** |

# I. INTRODUCTION.

1. This lawsuit is brought to stop five sophisticated Defendants from claiming, falsely, that two male enhancement products contain patented elements when they do not. Specifically, Defendants own and operate a website known as MensBlogTalk.com, which they use, through the medium of false reviews and engine optimization, to direct potential customers to a range of products they promote. Included among those products are Orexis®, a male enhancement product which purportedly contains "a patented manufacturing technique that extracts only the most pure and potent components of its high-quality organic ingredients," and Longevity, a product which purportedly uses a "real HGHR patented Pituitary Gland extract" and contains "a patented substance, 2-AEP®," which enhances testosterone levels and libido performance.

2. Defendants' claims are false. Neither Orexis® nor Longevity contains any patented formulas or substances, and neither ever has. What is more, the misleading nature of Defendants' advertising – paired with Defendants' marketing sophistication and their dissemination of this advertising through the MensBlogTalk.com website they control – shows that Defendants' false marking was intentional.

## II. JURISDICTION, VENUE, AND STANDING.

3. This Court has subject matter jurisdiction pursuant to 35 U.S.C. §292(b) and 28 U.S.C. § 1338(a).

4. Defendants are subject to personal jurisdiction in this District because they conduct business in this district and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendants' products that are the subject of this Complaint are advertised for sale, offered for sale, and sold within this judicial district.

6. Plaintiff possess the requisite standing required by Article III of the United States Constitution pursuant to 35 U.S.C. §292(b), which confers upon any person the right to sue for civil monetary penalties, restitution, and injunctive relief for false patent marking.

### III. THE PARTIES.

7. Plaintiff Zachary Hallstrom ("Plaintiff") is a California citizen who is a resident of this District and believes in the importance of a fair and competitive market for the manufacture, marketing, sale, and distribution of consumer products.

8. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Orexis, LLC, is a limited liability company with its principal place of business in Hoboken, New Jersey. Plaintiff is informed and believes, and upon such information and belief alleges, that Orexis, LLC, manufactures, advertises, distributes, and sells male enhancement products, including Orexis®, through its affiliated website, MensBlogTalk.com.

9. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Longevity, LLC, is a limited liability company with its principal place of business in Hoboken, New Jersey. Plaintiff is informed and believes, and upon such information and belief alleges, that Longevity, LLC, manufactures, advertises, distributes, and sells male enhancement products, including Longevity, through its affiliated website, MensBlogTalk.com.

10. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Urban Nutrition, LLC, is a limited liability company with its principal place of business in Hoboken, New Jersey. Plaintiff is informed and believes, and upon such information and belief alleges, that Urban Nutrition, LLC, manufactures, advertises, distributes, and sells male enhancement products, including Orexis® and Longevity, through its affiliated website, MensBlogTalk.com.

11.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Atlantic Media Group, LLC, is a limited liability company with its principal place of business in Hoboken, New Jersey.  Plaintiff is informed and believes, and upon such information and belief alleges, that Atlantic Media Group, LLC, advertises, distributes, and sells male enhancement products, including Orexis® and Longevity, through its affiliated website, MensBlogTalk.com.

12.     Plaintiff is informed and believes that Defendant Andrew Surwilo is an individual who owns, operates, manages and controls Defendants Orexis, LLC, Longevity, LLC, Urban Nutrition, LLC, and Atlantic Media Group, LLC, and is responsible for all activities of the other Defendants, including, without limitation, their marketing of Orexis® and Longevity, through their affiliated website, MensBlogTalk.com.

13.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained.

## IV.   BACKGROUND FACTS.

**A.     The Purpose of this Action.**

14.     The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

**B.     The Policy of the Patent Marking Statute.**

15.     The patent marking statute (35 U.S.C. §287(a)) and the false patent marking statute (35 U.S.C. §292) exist to ensure that the public has accurate information on the existence of patent rights.

16.     The purposes of the patent marking statute were explained by the Federal Circuit in *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998), as: (1) helping to avoid innocent infringement, (2) encouraging patentees to give notice to

the public that the article is patented, and (3) aiding the public to identify whether an article is patented.

17. Over half a century ago, the Supreme Court stated in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery*, 324 U.S. 806, 816 (1945), that patents by their very nature are affected with a public interest:

> *The possession and assertion of patent rights are 'issues of great moment to the public.' A patent by its very nature is affected with a public interest. As recognized by the Constitution, it is a special privilege designed to serve the public purpose of promoting the 'Progress of Science and useful Arts.' At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market.*

18. The Patent Act of 1952 provides a *qui tam* cause of action on behalf of the public to fine the offender in an amount of up to $500 for each offense, with half going to the use of the United States, and the other half going to the person bringing the action.

19. False marking of unpatented articles as "patented" is injurious to the public interest, as explained by the United States Court of Appeals, in at least the following ways:

- Acts of false marking deter innovation and stifle competition in the marketplace.
- False marks deter scientific research when an inventor sees a mark and decides to forgo continued research to avoid possible infringement.
- False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

- Additionally, consumers who see a product as "patented" are likely to infer the product possesses design or utilitarian features that are unique to such article, and not available in substitute articles from other producers, thus inducing consumer demand for the marked article and causing consumers to pay an artificial premium for the product.

C.  **Defendants' False Marking in Violation of the Patent Act.**

   **1.     Orexis®**

   20.   Defendants Orexis, LLC, Urban Nutrition, LLC, Atlantic Media Group, LLC, and Surwilo manufacture, advertise, license, and sell a male enhancement product called "Orexis®," through through their affiliated website, MensBlogTalk.com. Among other things, they have made the following claims for the product:

   *"Orexis® is probably the most raved about male sexual enhancement pill we have seen. Its customers simply love the product. This product also has more testimonials than any other product in the industry."*

   21.   Defendants Orexis, LLC, Urban Nutrition, LLC, Atlantic Media Group, LLC, and Surwilo also have used the following language to describe the purported results they promise users will achieve:

   *"The results [are] that the customers get very effective and noticeable results with no negative side effects whatsoever. This formula delivers both immediate and long-term results."*

///
///
///
///
///
///

22. The following picture of a box of "Orexis®" has been widely disseminated by Defendants:



23. Defendants Orexis, LLC, Urban Nutrition, LLC, Atlantic Media Group, LLC, and Surwilo have falsely advertised on their affiliated website, MensBlogTalk.com, that Orexis® contains "a patented manufacturing technique that extracts only the most pure and potent components of its high-quality organic ingredients."

24. In reality, neither Orexis® nor any formula in it is patented. Counsel for Plaintiff has exhaustively researched public records, including the records of the United States Patent & Trademark office (found at www.uspto.gov) that are presumed to be conclusively accurate, and have confirmed that neither Orexis® nor any formula in it is patented.

**2.    Longevity**

25. Defendants Longevity, LLC, Urban Nutrition, LLC, Atlantic Media Group, LLC, and Surwilo manufacture, advertise, license, and sell a male enhancement product called "Longevity," through through their affiliated website, MensBlogTalk.com. Among other things, they have made the following claims for the product:

> *"Longevity uses a real HGHR patented Pituitary Gland extract. This is the most powerful substance you can feed your pituitary gland to stimulate a drastic increase in your production of Growth Hormone."*

26. Defendants Longevity, LLC, Urban Nutrition, LLC, Atlantic Media Group, LLC, and Surwilo also have used the following language to describe the purported results they promise users will achieve:

> *"With higher levels of Growth Hormone, you will see an apparent boost to your testosterone levels, libido performance and an increase in lean muscle."*

27. The following picture of a bottle of "Longevity," is one that has been widely disseminated by Defendants:



28. Defendants Longevity, LLC, Urban Nutrition, LLC, Atlantic Media Group, LLC, and Surwilo have falsely advertised on their affiliated website, MensBlogTalk.com, that Longevity contains "a real HGHR patented Pituitary Gland extract." Defendants Longevity, LLC, Urban Nutrition, LLC, Atlantic Media Group, LLC, and Surwilo also have falsely advertised on their affiliated website, MensBlogTalk.com, that Longevity contains "a patented substance, 2-AEP®, which is clinically proven to rejuvenate and repair the entire body."

29. In reality, neither Longevity nor any formula in it is patented. Counsel for Plaintiff has exhaustively researched public records, including the records of the United States Patent & Trademark office (found at www.uspto.gov) that are presumed to be

conclusively accurate, and have confirmed that neither Longevity nor any formula in it is patented.

### D. Defendants' Violation of the Patent Act Was Intentional.

30. Defendants knew, at the time they advertised and promoted Orexis® and Longevity as described above that neither Orexis® nor Longevity is patented, nor contains any patented formulas. Despite that knowledge, Defendants nevertheless continuously and repeatedly advertised and promoted both products as being patented. In this connection, and again despite their knowledge that neither Orexis® nor Longevity is patented, Defendants advertised and promoted Orexis® and Longevity as patented products through their affiliated website, MensBlogTalk.com.

31. As a result of the false claims concerning Orexis® and Longevity described above, Defendants have enjoyed enormous sales of Orexis® and Longevity.

32. Based on these facts, Defendants have engaged in this false marking scheme to deceive the public and to stifle legitimate competition, and to gain a competitive advantage in the market. Defendants' continuous marketing and promotion of Orexis® and Longevity as patented despite their knowledge that they were not demonstrates that Defendants' false marking was intentional and committed with the specific design to profit from misleading consumers. Under these circumstances, this case is "exceptional" for purposes of 35 U.S.C. § 285 because Defendants had no reasonable basis upon which genuinely to believe Orexis® and Longevity are patented.

### V. CAUSES OF ACTION.

#### FIRST CAUSE OF ACTION: FALSE PATENT MARKING
(Against Defendants Orexis, LLC, Urban Nutrition, LLC,
Atlantic Media Group, LLC, Surwilo, and Does 1-5, inclusive)

33. Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

34. Defendants know that they can charge a premium for products that the public perceives to be unique and protected by a patent.

35. Defendants have marked, or caused or allowed to be advertised, Orexis® as being patented when, in reality, it is not.

36. Defendants have violated 35 U.S.C. § 292(a), which provides in relevant part:

> *Whoever without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public; or Whoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public - Shall be fined not more than $500 for every such offense.*

37. Each false marking on Orexis® is likely to discourage or deter persons and companies from commercializing competing products.

38. Defendants' false marking of Orexis® has wrongfully stifled competition with respect to similar and potentially competing products, thereby causing harm to plaintiff, the United States, and the public.

39. Defendants have wrongfully and illegally advertised a patent monopoly that they do not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

40. Defendants are therefore liable to plaintiff and to the United States under 35 U.S.C. §292 (b). The public interest requires that Defendants be enjoined from further acts of false marking, pay civil penalties, and make restitution for their ill-gotten gains.

**SECOND CAUSE OF ACTION: FALSE PATENT MARKING**

**(Against Defendants Longevity, LLC, Urban Nutrition, LLC,**

**Atlantic Media Group, LLC, Surwilo, and Does 6-10, inclusive)**

41. Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

42. Defendants know that they can charge a premium for products that the public perceives to be unique and protected by a patent.

43. Defendants have marked, or caused or allowed to be advertised, Longevity as being patented when, in reality, it is not.

44. Defendants have violated 35 U.S.C. § 292(a), which provides in relevant part:

> *Whoever without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them*

*to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public; or Whoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public - Shall be fined not more than $500 for every such offense.*

45. Each false marking on Longevity is likely to discourage or deter persons and companies from commercializing competing products.

46. Defendants' false marking of Longevity has wrongfully stifled competition with respect to similar and potentially competing products, thereby causing harm to plaintiff, the United States, and the public.

47. Defendants have wrongfully and illegally advertised a patent monopoly that they do not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights.

48. Defendants are therefore liable to plaintiff and to the United States under 35 U.S.C. §292 (b). The public interest requires that Defendants be enjoined from further acts of false marking, pay civil penalties, and make restitution for their ill-gotten gains.

## VI.    **PRAYER FOR RELIEF**

Plaintiff seeks entry of judgment against defendant as follows:

1. A judicial determination that Defendants have violated 35 U.S.C. §292 by falsely advertising and marking Orexis® and Longevity as "patented" for the purpose of deceiving the public;

2. An order fining Defendants for false marking in an amount that is reasonable in light of the total revenue and gross profit derived from the sale of falsely marked Orexis® and Longevity and the degree of intent to falsely mark which is proven, with half of the fine paid to the United States Government and the other half to plaintiff;

3. An order preliminarily and permanently enjoining Defendants and their affiliates from committing new acts of false patent marking and to cease all existing acts of false patent marking;

4. An award of attorneys' fees and costs incurred in bringing and maintaining this action, in part because it is "exceptional" for purposes of the Patent Act; and

5. Any such other relief to which plaintiff, the United States, or the general public may be entitled.

Dated: December 16, 2010

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
Scott J. Ferrell

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Section 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: December 16, 2010

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
Scott J. Ferrell

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV10- 1925 JST (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA, Ex. Rel., ZACHARY HALLSTROM

**DEFENDANTS**
OREXIS, LLC; a limited liability company; LONGEVITY LLC, a limited liability company; URBAN NUTRITION, LLC, a limited liability company; ATLANTIC COAST MEDIA GROUP, LLC, a limited liability company, et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Scott J. Ferrell (SBN 202091)
Newport Trial Group, 610 Newport Center Drive, Suite 700
Newport Beach, CA 92660 (949) 706-6464

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Section 292 and 287(a) regarding false patent marking.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV10-1925 JST (MLGx)

FOR OFFICE USE ONLY: Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | Hoboken, New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_  Date December 16, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |